UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MESTEK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:24-cv-30155-KAR |
| | ) | |
| SHENZHEN MESTEK ELECTRONICS | ) | |
| CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER ON PLAINTIFF'S RULE 4(f)(3) MOTION FOR
ALTERNATIVE SERVICE
(Dkt. No. 5)

ROBERTSON, U.S.M.J.

Plaintiff Mestek, Inc. ("Plaintiff") has moved for leave to make service by alternative

means on Defendant Shenzhen Mestek Electronics Co., Ltd. ("Defendant"). For the reasons set

forth below, the court GRANTS Plaintiff's motion. Plaintiff is authorized to serve Defendant by

serving copies of the summons, the complaint, and a copy of this order by email.

I.      Background

Plaintiff's complaint alleges that Defendant, a Chinese business entity, violated the

Lanham Act and related laws (Dkt. No. 1). On December 20, 2024, Plaintiff provided Defendant

with a copy of the complaint and a cease-and-desist letter via email (Dkt. No. 5-2 at 17, 20, 22).

On December 25, 2024, Defendant's sales director, Michael Tu, who responded, indicated that he

had received Plaintiff's letter and, on January 15, 2025, emailed a detailed response to the letter

(Dkt. No. 5-2 at 10-15, 17-18). On February 7, 2025, Plaintiff informed Mr. Tu that it would

initiate service of process for the complaint (Dkt. No. 5-2 at 8-10). Mr. Tu responded by email

1

on February 11, 2025 (Dkt. No. 5-2 at 6-8).  Three days later, Plaintiff asked Defendant to waive service of process (Dkt. No. 5-2 at 5-6).  Mr. Tu, on behalf of Defendant, declined to do so on February 19, 2025, stating that "China has not consented to electronic service as a valid method under the [Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents]" ("Hague Convention" or "Convention") and "any attempt to serve [Defendant] via email without complying with the Hague Convention may be deemed procedurally defective under U.S. and Chinese law" (Dkt. No. 5-2 at 4).

Plaintiff's professional service provider unsuccessfully attempted to serve Defendant through the Convention process at the address shown on Defendant's website and Mr. Tu's emails (Dkt. No. 5-2 at 3; Dkt. No. 5-3 ¶¶ 3, 5, 7, 8; Dkt. No. 5-6 at 3).  The Chinese Central Authority returned an official Certificate of Non-Service indicating that the address provided did not exist (Dkt. No. 5-3 ¶ 9; Dkt. No. 5-5 at 2).  On July 29, 2025, following this unsuccessful attempt at using the Hague Convention process, Plaintiff emailed a motion to Mr. Tu requesting that Defendant agree to accept alternative service (Dkt. No. 5-2 at 3).  Mr. Tu notified Plaintiff that Defendant could be served only through the Central Authority designated under the Convention and that email service would violate China's prohibition on electronic service as well as Fed. R. Civ. P. 4(f)(3) (Dkt. No. 5-2 at 2).  He offered to provide Plaintiff with Defendant's designated service address if Plaintiff submitted a Hague Convention Form USM-94 along with additional information (Dkt. No. 5-2 at 2).  Plaintiff cannot complete the USM-94 Form without Defendant's correct service address (Dkt. No. 5-1 at 3 ¶ 8).

II.    Legal Standard

Federal Rule of Civil Procedure 4(h)(2) allows service of process on a foreign business to be effected "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery . . . ." Fed. R. Civ. P. 4(h)(2). Rule 4(f) provides, in relevant part, as follows:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; . . .
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1), (3).

"[C]ompliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). "The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries." *Id.* at 698. "The central authority must attempt to serve the defendant by a method that is compatible with the receiving country's domestic laws, and then provide the applicant with a certificate either confirming that service was successful or listing the reasons that prevented service." *Noco Co. v. Zhejiang Quingyou Elec. Com. Co.,* 338 F.R.D. 100, 104 (N.D. Ohio 2021) (citing Hague Convention, Arts. 2-7). The United States and China are signatories to the Convention. *See NOCO Co. v. Liu Chang*, Case No. 1:18-cv-2561, 2019 WL 2135665 at *2 (N.D. Ohio May 16, 2019). "[F]or service in China, the Hague Convention primarily authorizes service through China's central authority (i.e., the Ministry of Justice) that arranges for service according to domestic law." *Id.* By its terms, the Hague Convention does not apply "where the address of the person to be served is not known." Hague Convention, Art. 1. *See Smart Study Co. v. Acuteye-US,* 620 F. Supp. 3d

1382, 1390-91 (S.D.N.Y. 2022), *appeal dismissed sub nom. Smart Study Co. v. Happy Party-001,* No. 22-1810-cv, 2023 WL 3220461 (2d Cir. May 3, 2023).

Rule 4(f)(3) requires service to be "'''(1) directed by the court, and (2) not prohibited by international agreement.'''" *Angiodynamics, Inc. v. Neuberger,* Civil Action No. 18-30038-MGM, 2018 WL 11211763, at *1 (D. Mass. July 12, 2018) (quoting *Ahkeo Labs LLC v. Plurimi Inv. Managers LLP,* Case No. 1:17-CV-1248, 2017 WL 2793918, at *1 (N.D. Ohio June 26, 2017)). Even if permitted by Rule 4(f)(3), a method of service must be also comport with constitutional notions of due process by "'''appris[ing] interested parties of the pendency of the action and afford[ing] them an opportunity to present their objections.'''" *Id.* (quoting *Hydentra HLP INT Ltd. v. Sagan Ltd.,* No. CV-16-01494-PHX-DGC, 2017 WL 490371, at *1 (D. Ariz. Feb. 7, 2017)). "'[W]hether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court.'" *Id.* (alteration in original) (quoting *Freedom Watch, Inc. v. OPEC,* 766 F.3d 74, 81 (D.C. Cir. 2014) (citation omitted)).

III.    <u>Analysis</u>

A.    Plaintiff has sufficiently shown that Defendant's address is unknown.

When a defendant's address is unknown and unavailable, the otherwise exclusive Hague Convention process does not apply. *See Nagy v. Naday*, Civil No. 17-10613-LTS, 2019 WL 7578394, at *2 (D. Mass. Jan. 7, 2019). "Although there is no First Circuit precedent that establishes a standard for determining when a person's address is 'unknown' for Hague Convention purposes, various district courts around the country 'have repeatedly looked to the efforts plaintiffs have put forth in attempting to discover said addresses,' often requiring extensive investigation and sometimes a first attempt to use the Hague Convention's central authority process." *Id.* (quoting *Compass Bank v. Katz,* 287 F.R.D. 392, 394-95 (S.D. Tex. 2012)

(collecting cases)).  Here, Plaintiff has exercised reasonable diligence in its efforts to serve Defendant under the Convention and, in the process, has determined that Defendant's address is unknown.

Plaintiff attempted to identify Defendant's physical address using China's central authority for service of documents.  *See Smart Study Co.,* 620 F. Supp. 3d at 1390-91.  Plaintiff's Far East investigator reviewed Defendant's corporate website and official Chinese government corporate records.  Defendant's official registry showed that Defendant's physical address was the address that was listed on its website and in the signature block on the email messages that Plaintiff's attorney exchanged with Mr. Tu (Dkt. No. 5-2; Dkt. No. 5-3 ¶¶ 5, 6, 7; Dkt. No. 5-6 at 3; Dkt. No. 5-7).  Using that address, Plaintiff's professional service provider, attorney Aaron Lukken, submitted the required Convention request to China's central authority, the International Legal Cooperation Center of the Ministry of Justice in Beijing (Dkt. No. 5-3 ¶¶ 5, 8).  On June 27, 2025, Mr. Lukken received an official certificate stating that service could not be effectuated because "[t]he address provided does not exist" (Dkt. No. 5-3 ¶ 9; Dkt. No. 5-5 at 2).  Defendant refused to provide its approved service address unless Plaintiff completed a form that included the approved service address (Dkt. No. 5-2 at 2).  In these circumstances, the court finds that Plaintiff's efforts to obtain Defendant's address were sufficient to establish that Defendant's address is unknown.  Accordingly, the Hague Convention does not apply.  *See Fox Shiver LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to the Complaint,* 23-CV-1898 (JPO), 2024 WL 230748, at *2 (S.D.N.Y. Jan. 22, 2024) (finding defendants' addresses were unknown where the Chinese central authority returned certificates of nonservice because two defendants could not be located at their specified address, one defendant had moved, and no alternative addresses were provided); *Chanel, Inc. v. Song Xu*, No. 2:09-cv-

02610-cgc, 2010 WL 396357, at *1, *3 (W.D. Tenn. Jan. 27, 2010) (finding defendants'
addresses were unknown and the Hague Convention did not apply because plaintiff hired a
private investigator in China who determined that the physical addresses provided by defendants
were invalid and who was unable to locate defendants through searches of public databases and
directories in China); *Malone v. Highway Star Logistics, Inc.*, Civil Action No. 08-cv-01534-
RPM-KLM, 2009 WL 2139857, at *2-3 (D. Colo. July 13, 2009) (permitting non–Hague service
where the Canadian central authority could not successfully serve the defendants and where
various addresses proved to be incorrect).  *Compare Anova Applied Elecs., Inc. v. Hong Kong
Grp., Ltd.,* 334 F.R.D. 465, 469, 471-72 (D. Mass. 2020) (finding that email service on a Chinese
defendant was not permitted under the Hague Convention and, in any event, plaintiff did not
allege or show that the defendant's address was unknown).

       B.      Service on Defendant by email is appropriate and sufficient to satisfy Due
              Process concerns.

     Service of process on Defendant by email is permitted under  Rule 4(f)(3) because the
Hague Convention does not apply and Plaintiff is dealing with "an international e-business
scofflaw, playing hide-and-seek with the federal court . . . ."  *Rio Props.*, *Inc. v. Rio Int'l
Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002).  In addition to Defendant's failure to provide its
correct physical address to the Chinese government, its purported offer to provide its address to
Plaintiff if Plaintiff filled out a USM-94 Convention form is disingenuous at best because the
requested form requires Defendant's correct service address (Dkt. No. 5-1 at 3 ¶ 8).

     Service of process by email satisfies the requirement of due process because it will give
Defendant notice of the "pendency of the action" and afford it an opportunity to object. *United
States v. One Urban Lot,* 885 F.2d 994, 998–99 (1st Cir. 1989) (quoting *Mullane v. Cent.
Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950)).  Defendant is aware of, and has engaged

with, Plaintiff about the contents of Plaintiff's complaint. After receiving Plaintiff's cease and desist letter and complaint, Defendant hired a Philadelphia attorney to attempt to negotiate a settlement (Dkt. No. 5-2 at 20, 22; Dkt. No. 5-4 at 4).[1] Further, Mr. Tu's email exchanges with Plaintiff demonstrate "a high likelihood that [D]efendant[] would receive and respond to email communications . . . ," *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.,* No. 08 CV 2593, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008), and that Defendant has already received notice of the lawsuit (Dkt. No. 5-2 at 6-8, 10-15). *See Aerodyn Eng'g, LLC v. Fidia Co.*, Case No. 20-10896, 2020 WL 3000509, at *2 (E.D. Mich. June 4, 2020) ("service via email comports with principles of due process where the serving party has shown, as Plaintiff has done here, that the party being served does business online and the identified emails are valid."); *Angiodynamics,* 2018 WL 5792321, at *3 ("Due process concerns are satisfied because [the defendant] has actual knowledge of this lawsuit through [his attorney].").

Because service by email is reasonably calculated to apprise Defendant of this action, the court authorizes Plaintiff to serve Defendant by email.

IV.    Conclusion

For the foregoing reasons, Plaintiff's Rule 4(f)(3) motion for alternative service (Dkt. No. 5) is granted. Plaintiff shall proceed to serve copies of the summons, the complaint, and a copy of this order on Defendant by email.

It is so ordered.

Date: October 22, 2025                                    Katherine A. Robertson
                                                          KATHERINE A. ROBERTSON
                                                          U.S. MAGISTRATE JUDGE

---

[1] The attorney later declined to accept service on behalf of Defendant and indicated that he no longer represented Defendant and had not been able to contact a representative of the company. (Dkt. No. 5-4 at 2-3).