UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MESTEK, INC.,                              )
                                          )
     Plaintiff,                           )
                                          )
     v.                                   )   Civil Action No.  3:24-cv-30155-CLM
                                          )
SHENZHEN MESTEK ELECTRONICS   )
CO., LTD.,                                )
                                          )
     Defendant.                           )

MEMORANDUM AND ORDER REGARDING PLANTIFF'S
MOTION FOR LEAVE TO AMEND THE COMPLAINT
(Dkt. No. 37)

MORGAN, U.S.M.J.

This is a dispute regarding the ownership and use of a federally registered trademark, which Mestek, Inc. ("Plaintiff") registered in 2008 and has allegedly used for forty years (the "Mestek mark"). In 2024, Plaintiff initiated this litigation against Shenzen Mestek Electronics Co., Ltd. ("Defendant") alleging that it had used the Mestek mark without authorization. Defendant counterclaimed, seeking declaratory judgment that it does not infringe on Plaintiff's mark, that it acquired common law trademark rights in the Mestek mark, and that it has a common law right to the Mestek mark for thermometers.

On March 20, 2026, Plaintiff moved to amend its complaint "to add additional grounds to cancel Defendant['s] . . . federal trademark registration, . . . to add a count for declaratory judgment as to Defendant's fraud on the United States Patent and Trademark Office ("USPTO") due to its fraudulent Section 15 Declaration of

Incontestability ("Incontestability Filing") and invalidate and revoke the incontestable status" (Dkt. No. 38, at 1).[1] Defendant opposed the motion (Dkt. No. 39), and, with leave of the court, Plaintiff filed a reply in support of its motion (Dkt. No. 47). The parties have consented to this court's jurisdiction (Dkt. No. 29). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the reasons set forth below, the court GRANTS the motion for leave to amend and directs Plaintiff to file its amended complaint..

<u>BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiff initiated this litigation on December 17, 2024, by filing a six-count complaint alleging trademark infringement (Count I), false designation of origin (Count II), unfair competition (Count III), common law trademark infringement and unfair competition (Count IV), and fraudulent trademark registration (Count V), and seeking trademark cancellation (Count VI) (Dkt. No. 1, ¶¶ 27-63). Plaintiff was unable to serve its complaint on Defendant and, on September 18, 2025, moved pursuant to Fed. R. Civ. P. 4(f)(3) for leave to serve Defendant by email (Dkt. No. 5). The court granted the motion on October 22, 2025 (Dkt. No. 6), and Plaintiff served the complaint the next day (Dkt. No. 7).

---

[1]    Pursuant to 15 U.S.C. § 1065, a trademark registrant may file an affidavit of incontestability with the USPTO if they have continuously used the trademark for the past five years ("Section 15 declaration"). The effect of the filing of a Section 15 declaration is that "the circumstances under which a registration may be cancelled [is limited] to: fraudulent acquisition, failure to properly control use of a certification mark, and, [sic] situations in which a valid common law owner has established a date of use prior to that of the registered mark." *Gen. Healthcare Ltd. v. Qashat*, 364 F.3d 332, 334 n.4 (1st Cir. 2004).

On November 17, 2025, following service, counsel for Defendant entered an appearance in this matter (Dkt. No. 8). Two days later, the parties filed a joint motion for an extension of time for Defendant to answer the complaint (Dkt. No. 10), which the court granted (Dkt. No. 12). As grounds for the joint motion, the parties noted that Defendant's counsel "expressed an openness to discussing resolution of the underlying dispute" (Dkt. No. 10, ¶ 3).

The parties subsequently sought two additional extensions of Defendant's deadline for its responsive pleading (Dkt. Nos. 14, 16). Both motions included the similar language reflecting that the parties "continued to engage in discussions and [we]re actively working towards a settlement" (Dkt No. 14, ¶ 3; *see also* Dkt. No. 16, ¶ 3 (representing that the parties "continu[ed] to engage in discussions and [we]re actively working toward finalizing a settlement")), and that the requested extensions were "not interposed for purposes of delay, but rather to allow the parties additional time to finalize the settlement terms" (Dkt. No. 14, ¶ 4; Dkt. No. 16, ¶ 4). The court granted both motions (Dkt. Nos. 15, 17).

On February 6, 2026, Defendant answered the complaint and asserted counterclaims against Plaintiff (Dkt. No. 21). The parties appeared before the court on March 19, 2026, for a scheduling conference, at which time the court entered the schedule proposed by the parties (Dkt No. 35). As the parties requested (Dkt. No. 33), the court set a deadline of March 20, 2026, for filing any motions seeking leave to amend the pleadings to add parties, claims, or defenses (Dkt. No. 40). Plaintiff

met the deadline, filing its motion for leave to amend on March 20, 2026 (Dkt. No. 37).

ANALYSIS

"A court 'enjoys significant latitude in deciding whether to grant leave to amend' and the court's decision receives deference 'if any adequate reason for the denial is apparent on the record.'" *Minggia v. Worcester Cnty. House of Corr.*, No. C.A. 11-40002-TSH, 2013 WL 357805, at *2 (D. Mass. Jan. 28, 2013) (quoting *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009)). Absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should "be 'freely given.'" *Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir. 2015) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, Defendant opposes the motion for leave to amend on grounds of undue delay, bad faith, undue prejudice, and futility of amendment.

As to undue delay, the court finds Defendant's argument without merit. "When considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has at the very least the burden of showing some valid reason for his neglect and delay." *In re Lombardo*, 755 F.3d 1, 3 (1st Cir. 2014) (quoting *Stepanischen v. Merchs. Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983)) (internal punctuation omitted). Here, Plaintiff moved to amend on March 20, 2026, the amendment deadline proposed by the parties and set by the

court. Thus, Plaintiff did not unduly delay in seeking leave to amend. *See Santello v. Nw. Mut. Life Ins. Co.*, No. CV 17-11383-FDS, 2018 WL 1913798, at *1 (D. Mass. Apr. 23, 2018) ("Plaintiff did not unduly delay the proceedings by moving to amend the complaint within the Court's scheduling order deadline."); *Hilsinger Co. v. Kleen Concepts, LLC*, 164 F. Supp. 3d 195, 199 (D. Mass. 2016) ("If filed before or on [the deadline for motions to amend the pleadings], motions to amend should not normally result in 'considerable time [ ] elaps[ing] between the filing of the complaint and the motion to amend.'" (quoting *Lombardo*, 755 F.3d at 3)).

Moreover, while Plaintiff did not seek leave to amend for a year after learning of the allegedly fraudulent filing, Plaintiff has asserted valid reasons for the delay. First, Plaintiff states that it was unable to complete service of the original complaint until October 23, 2025, due to refusal of Defendant's representative to accept service and subsequent difficulties serving Defendant under the Hague Convention (Dkt. No. 38, at 3). Second, once service was complete, the parties immediately began settlement discussions (*id.*; Dkt. Nos. 14, 16). The court finds that the challenges presented in serving Plaintiff and the subsequent settlement discussions are adequate explanations for the delay in seeking amendment. *See Springer v. Spencer,* No. CIV. 13-10083-FDS, 2014 WL 2515694, at *5 (D. Mass. June 3, 2014) (finding no undue delay and granting a motion for leave to amend despite the fact that "plaintiffs filed suit more than one year before filing a motion to amend" because, in part, "little significant progress ha[d] been made in th[e] case" (citing *New Balance Athletic Shoe, Inc. v. Puma USA*, Inc., 118 F.R.D. 17,

21 (D. Mass. 1987))); *Trujillo v. Vejar's, Inc.*, No. 1:21-CV-01467-ADA-SKO, 2023 WL 316485, at *2 (E.D. Cal. Jan. 19, 2023) ("Waiting to seek amendment until after settlement efforts proved unsuccessful is not unreasonable . . . ." (citing *Garrett v. Hine*, No. 1:21-cv-00845-DAD-BAK, 2022 WL 2067903, at *6 (E.D. Cal. June 8, 2022))).

The court also finds that Defendant will not suffer undue prejudice by allowance of the amendment. Although Defendant filed its answer on February 6, 2026, the litigation remains in its infancy. The parties have presumably served initial disclosures under Fed. R. Civ. P. 26(a)(1), but the deadline for the service of initial discovery requests is still more than two weeks away and non-expert discovery is not set to close until October 15, 2026. As a result, Defendant has ample time to obtain discovery regarding Plaintiff's new claim and to prepare any defenses it may wish to present in a dispositive motion or at trial, the date for which has not yet been set. *See New Balance*, 118 F.R.D. at 21 (finding no prejudice from amendment because "defendants have completed only initial discovery" and, therefore, "should be able to prepare their defense to these new claims").

The court similarly rejects Defendant's claim that the proposed amendment is made in bad faith. In its opposition, Defendant asserts that "Plaintiff has failed to show it does not have bad faith for undue delay in its Amended Complaint" (Dkt. No. 39, at 4). But it is Defendant's burden to show bad faith, and it presents no argument to support such a showing. *See Grant v. Citibank (S. Dakota), N.A.*, No. 10 CIV. 2955 KNF, 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010) ("The non-

movant bears the burden of showing prejudice, bad faith and futility of the amendment." (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); 6 CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1473 (3d ed. 2010))). Even if it were not Defendant's burden, however, as Plaintiff explains, any delay in seeking amendment was due to difficulties in serving Defendant and the subsequent settlement discussions between the parties. The court finds Plaintiff's explanation credible and that any delay in filing was not due to bad faith.

As to futility, Defendant contends that Plaintiff's new count seeking declaratory judgment regarding the incontestability of its mark is moot because the allegedly false statement was made "unintentional[ly]," and Defendant filed a petition with the USPTO to withdraw its Section 15 declaration on March 23, 2026, three days after Plaintiff filed its motion to amend (Dkt. No. 39, at 3). Defendant argues that, as a result, "Plaintiff's challenge to the incontestability of Defendant's Mestek trademark is futile" (Dkt. No. 39, at 3). The court finds otherwise.

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Rife v. One W. Bank, F.S.B.*, 873 F.3d 17, 21 (1st Cir. 2017) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). If a proposed amendment "contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, and contains no other fatal defects, the district court abuses its discretion by denying the motion to amend on futility grounds." *Amyndas Pharms., S.A. v. Zealand Pharma A/S,* 48 F.4th 18,

7

40 (1st Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal citations and punctuation omitted); *Hatch v. Dep't for Child., Youth & Their Fams.*, 274 F.3d 12, 19 (1st Cir. 2001) ("If leave to amend is sought before discovery is complete and neither party has moved for summary judgment," amendment is "not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory" (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000))). The court "accept[s] as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Santiago v. Puerto Rico*, 655 F.3d 61, 72 (1st Cir. 2011) (citation omitted).

In its opposition, Defendant does not contend that the allegations in the proposed amended complaint are insufficient to state a claim. Instead, Defendant offers new factual allegations regarding the filing of its Section 15 declaration—specifically representing that the filing of the allegedly false declaration was "unintentional"—which it contends undermine the proposed new declaratory judgment claim and render it moot (Dkt. No. 39, at 3). The court's analysis in considering a motion for leave to amend does not sweep so broadly as to allow it to consider factual allegations extrinsic to the complaint or to assess the credibility of those new allegations. *See Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09 CIV. 902 LMM HBP, 2012 WL 3831535, at *4 (S.D.N.Y. Aug. 16, 2012) (rejecting defendant's reliance "on information outside of the pleadings" in opposing motion for leave to amend and noting that "[s]uch extrinsic material is, generally, not properly

8

considered on a motion to amend"). Further, Defendant fails to offer any argument that the proposed declaratory judgment claim in the amended complaint is not "plausible on its face." *Amyndas Pharms., S.A.,* 48 F.4th at 40 (quoting *Iqbal,* 556 U.S. at 678). The court therefore declines to find the proposed amendment futile.

The court notes that, in addition to Defendant's challenge to the proposed count for declaratory judgment, Defendant states that "[t]he futility of Plaintiff's effort is not limited to the Sixth Count and may also cover Counts I – V" (Dkt. No. 39, at 3). Defendant puts forth no further argument regarding how the proposed amendment is futile as to those counts. As the First Circuit has noted, "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. . . . Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir. 1990) (internal quotations and citations omitted). As this is precisely what Defendant has done here, the court declines to find that amendment would be futile as to those counts.

CONCLUSION

For the foregoing reasons, the court therefore GRANTS Plaintiff's motion for leave to amend and directs Plaintiff to file its amended complaint.

It is So Ordered.

/s/ Christopher L. Morgan
CHRISTOPHER L. MORGAN
United States Magistrate Judge

DATED: May 27, 2026

9